UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DONALD MARVIN JOHNSON, | |
| Petitioner, | |
| v. | CAUSE NO.: 2:25-CV-81-PPS-AZ |
| SHERIFF, | |
| Respondent. | |

OPINION AND ORDER

Donald Marvin Johnson, a prisoner without a lawyer, filed a habeas corpus petition challenging his pretrial detention in Porter County. (ECF 1.) I must review the petition and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.[1] For the reasons stated below, the petition is dismissed without prejudice.

BACKGROUND

In January 2024, Johnson was convicted of a securities-related offense and sentenced to a suspended sentence of four years in the Indiana Department of Correction and a period of probation.[2] *State v. Johnson*, No. 64D02-1403-FC-2217 (Porter Sup. Ct. closed Jan. 25, 2024). He was also ordered to pay $604,000 in restitution. *Id.*

---

[1] Johnson used the form for seeking relief under 28 U.S.C. § 2254, but the correct vehicle for a pretrial detainee to seek habeas relief is 28 U.S.C. § 2241. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). Rule 4 may be applied to other types of habeas petitions besides those filed under 28 U.S.C. § 2254. *See* RULE 1(B) OF THE RULES GOVERNING SECTION 2254 CASES.

[2] I am permitted to consider public records in ruling on the petition. Fed. R. Evid. 201.

In October 2024, the state filed a petition to revoke his probation. *Id.* He sought release on bond, but the judge denied his motion finding that he was "dangerous financially and a flight risk." *Id.* An evidentiary hearing is currently scheduled for April 11, 2025. *Id.* Johnson is also awaiting trial on a new charge of obstruction of justice filed against him in October 2024. *State v. Johnson*, No. 64D02-2410-F6-011109 (Porter Sup. Ct. filed Oct. 25, 2024). Bond was set at $1,500 in the obstruction case. *Id.* The bond was paid, but due to the denial of bond in the other case, Johnson remains in custody. *See id.*

In his petition, he argues that he is being "unlawfully detained" because he is not a flight risk and is not a physical danger to the community. (ECF 1 at 3.) He asks me to order his "immediate release from Porter County Jail." (*Id.* at 4.)

## ANALYSIS

State criminal defendants may seek a writ of habeas corpus from federal courts under 28 U.S.C. § 2241 to challenge a bail determination. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015); *see also Hawkins v. Warden*, No. 4:24-CV-68-PPS-APR, 2024 WL 4765962, at *1 (N.D. Ind. Oct. 4, 2024) (appropriate vehicle to challenge detention in connection with probation revocation proceeding is 28 U.S.C. § 2241). Exhaustion of state court remedies is not a statutory requirement for habeas petitions filed under 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). As a matter of comity, I find it appropriate to require exhaustion in this context. *See Lopez v. Sheriff*, No. 3:25-CV-55-GSL-JEM, 2025 WL 457878, at *2 (N.D. Ind. Jan. 29, 2025) (requiring exhaustion by petitioner

2

challenging bail determination under 28 U.S.C. § 2241); *Bartole v. Sheriff*, No. 2:22-CV-319-PPS-JEM, 2022 WL 17490777, at *2 (N.D. Ind. Nov. 7, 2022) (same).

To exhaust, a habeas petitioner must raise his claim "at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). Under Indiana law, an order denying bail is considered to be a final judgment that is appealable as of right. *Lopez v. State*, 985 N.E.2d 358, 360 (Ind. Ct. App. 2013). There is no indication from either the petition or public records that Johnson has pursued a direct appeal of the judge's order denying bond.[3] Therefore, I find that he has not exhausted his available state court remedies as to this claim.

Although unclear, he may also be claiming in the petition that there is an insufficient factual basis to support the obstruction of justice charge. (ECF 1 at 3.) However, most constitutional claims cannot be raised by a state criminal defendant in advance of trial, and instead such claims must await the conclusion of the state proceeding. *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). The only recognized exceptions to this rule are speedy trial claims and double jeopardy claims. *Id*. A claim challenging the sufficiency of the evidence does not fit either category. Therefore, this claim cannot be raised until after the state criminal proceeding has concluded.

---

[3] Johnson mentions having filed a "petition for writ of habeas corpus." (ECF 1 at 3.) He does not provide a case number and I cannot locate any such filing in available state court records. Regardless, state law provides for appellate review of a bail determination, and there is no indication Johnson has pursued this course.

For these reasons, the petition must be dismissed. When dismissing a habeas corpus petition containing an unexhausted claim, I must consider "whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Unlike a habeas petition filed under 28 U.S.C. § 2254, there is no statute of limitations applicable to a 2241 petition. *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007). Therefore, a stay is unnecessary.

Finally, I must decide whether to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also Evans v. Cir. Ct. of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (certificate of appealability requirement applied to habeas petition filed under 28 U.S.C. § 2241 challenging pretrial detention pursuant to a state court order). To obtain a certificate of appealability, the petitioner must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). For the reasons explained above, Johnson's claim related to his bail is unexhausted. His other claim cannot be raised in advance of trial. I find no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage him to proceed further in federal court.

For these reasons, the court DISMISSES the petition (ECF 1) without prejudice and DENIES the petitioner a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED.

ENTERED: March 7, 2025.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

5